I had no idea there were that many people who were interested. All right, I think we're settled down. Our next case for today is David Muller or Mueller, I'm not sure what, versus the City of Joliet. So, Mr. Maher. May it please the Court. Good morning, Your Honors. Counsel. My name, again, is John Maher. I'm on behalf of Plaintiff Appellant David Mueller. Before we begin this morning's argument, though, we'd like to propose that because the question before the Court on Appeal really is one of statutory interpretation that the federal government administers and enforces, amicus is here with us in the form of the Justice Department's Civil Rights Division. So what I'd like to do, if it's all right with the Court, is to briefly place the issue in context and then turn over the balance of my time to the Justice Department who will then walk through the statutory framework to determine what the trial judge should have done in terms of reaching the conclusion that subject matter jurisdiction did apply under Amicus Serra for purposes of full-time National Guard duty and then reserve three minutes for rebuttal, if I may. That's fine. Thank you, Judge. Plaintiff Appellant David Mueller is two times a citizen, and that's Army parlance, basically, where he's not only a civilian municipal law enforcement officer for the City of Joliet, Illinois, he's also a non-commissioned officer in the Illinois National Guard. In 2016, he received orders under Title 32 of the United States Code, Section 502F, ordering him to full-time National Guard duty for purposes of a counter-narcotics task force within the State of Illinois. While he was on that duty, he received word from the City of Joliet, his municipal employer, that he would have to take unpaid leave, which caused a problem, if you will. Upon his return to the Police Department, after he completed his full-time National Guard duty, he brought suit in the Northern District of Illinois at the lower court. That issue was focused upon USERRA, USERRA being the acronym for the Uniformed Services Employment and Reemployment Rights Act, arising under Title 32, Section 4301, at SEC. Basically, the gist of the statute is, it prohibits discrimination in employment based upon any sort of anti-military animus and or military status. Ultimately, the lower court dismissed the case, finding that USERRA did not provide the federal court with subject matter jurisdiction, and- So weird to me, I mean, what the court's really saying, whatever it may have said, is that there's no claim under USERRA, there's certainly federal subject matter jurisdiction here. Yes, Judge. It's a federal claim. Yes, Judge. But whether he stated a claim and is entitled to relief under USERRA is the question. Yes, Your Honor. And whether or not USERRA covers those individuals ordered from- So that's a statement of a claim issue. Yes, Judge. Thank you. So, with that said, the appeal was dismissed. Whether it was a failure to state a claim and or the court didn't have subject matter jurisdiction, the issue on appeal is whether or not USERRA, by its plain language, applies to those guardsmen called to active duty under Title 32, Section 502F, to perform full-time National Guard duty in a counter-narcotics lawful capacity. So, as you know, 23 states' Attorney General have joined the state of Illinois, as well as the Justice Department, as amicus, and noting that USERRA does apply to full-time National Guard duty under Title 32, and the lower court- Well, his orders are federal orders. They are, yes. He's paid by the federal government. The orders refer to Title 32. I believe they also refer to 502F. Yes, Judge. That's correct. They do. And they arise under the- not to get ahead of ourselves- So, it's federal authorization. Yeah. Yes, Judge. Okay. So, basically, as you might know, Title 10, USERRA applies. Right. Title 32, USERRA applies. But a third category, state active duty, that's where Congress does not extend- With the unfortunate acronym of SADD, duty. Yes, Your Honor. Yes. So, with that said, at this point, I'd like to tender the podium to my colleague from the Justice Department, Ms. Katherine Lamb. Thank you. Thank you. Ms. Lamb. May it please the Court, Katherine Lamb for the United States. This case should be resolved through a straightforward analysis of USERRA's plain text. USERRA's anti-discrimination provision protects members of the Uniformed Services, which includes, by definition, full-time National Guard duty. Full-time National Guard duty is, in turn, defined as National Guard training or duty under several sections of Title 32, which governs the National Guard, for which the service member is entitled to federal pay. Mueller meets these definitions. He was a member of the National Guard who served under one of the enumerated sections of Title 32, Section 502F, and he received federal pay. Therefore, he is entitled to USERRA's protections, and the Court need not go further to resolve this case. The District Court, however, seems to have been confused by the hybrid federal and state nature of Title 32 status. National Guard members may be called into purely federal duty or federal service in the Army under Title 10, or they may be called into purely state service under state active duty or SAD, if you will. Title 32 service, however, has both federal and state aspects. It is under federal statutory authority and funding, but state day-to-day command. Understanding the hybrid federal and state nature of Title 32 service, which is what Plaintiff Mueller was in, helps to explain why USERRA's protections apply in this case. Now, what seems to have led the District Court astray in the first instance was its analysis of a Department of Labor regulation to determine USERRA's applicability, and in this analysis it erred in three ways. The first was in considering the regulation at all because USERRA speaks precisely to the issue at hand and answers the only question we have in this case. So you're referring to the part of Title 32 that says that National Guard, full-time National Guard duty can include state drug interdiction. That all has to be under the authorization, I mean, well, the Title 32 service anyway, doesn't that have to be under the authorization of the Secretary of Defense and so on? So the Title 30, just to clarify, the Title 32 duty here was pursuant to Section 502F. Right, right. And 502F, the 502F and 112 service, particularly in this case, that's what allows the state counter-drug operation. That's pursuant to a plan submitted by the governor of the state to the Department of Defense for approval. So there is federal approval for the plan. So in other words, it's not just the governor of the state taking it into his or her head to do something. It's knitted into federal authority. That's absolutely correct. So the orders here say that they are under Title 32. The plan that the state submits must complete certain requirements that you can find in And then the service members who are called up pursuant to 502F receive federal pay as well. So there are many federal aspects to the service, even though there is state day-to-day command. So it was unnecessary for the district court to look at the Department of Labor regulation here because, as I think we've sort of established, Title 30, Title, USERRA and Title 32 make very clear that the National Guard duty here is covered without having to turn to the regulation. Nevertheless, the court then erred in talking about the regulation by recasting the question as one of federal versus state authority as opposed to performing the straightforward analysis that USERRA requires, which is simply looking to see whether the services, uniformed services as defined by USERRA and then we can hear in this case go to Title 32 to find the definition of full-time National Guard duty. So is it fair to say that the mistake the district judge made was thinking that there was a binary choice, whereas in fact there were three options to characterize his service? I beg your pardon. I certainly think that is a major component of the district court's error here, is in a misapprehension of the three ways in which the National Guard members may be called into service, though certainly looking to the Department of Labor's regulation, which is certainly consistent with the statute, but unnecessary to resolve this case, I think also led the court down the wrong path. So I would think that same distinction would be important for the thing that concerned the court about the Posse Comitatus Act. So when a National Guard person is doing Title 10 service, that act applies, but when they're in Title 32 status, it does not. Yes, I think the court's failure to grasp the three different statuses also led to its error in its consideration of the Posse Comitatus Act. Now, first, it's important to recognize that there was no need for the court to address the Posse Comitatus Act. That only seems to have come up because the court misapprehended the question as one of federal versus state authority, as opposed to simply uniformed services or not. However, if you look at the Posse Comitatus— Or federal versus state control, perhaps, because if he had been under the command of federal officers, I think the judge would have said, sure, federal, but he's under the command of state people, but operating under federal authority. Yes. The question of— I use the term federal authority because that is one of the terms used, or I think one of the terms that may have confused the district court in the Department of Labor Regulation. It does also use the term federal control. Now, when a member of the National Guard is called up under Title 10, they would be under federal command and control. So that would be federal authority and command, and would certainly be service in the Army subject to the Posse Comitatus Act. Service under Title 32, however, is under state command. It is not service in the Army, and therefore does not fall within the plain terms of the Posse Comitatus Act. Now, would it be fair to say the district judge thought that the distinction you've just described, you know, is one of those angels dancing on the head of a pin sort of things, where if all you have to do is say, oh, you're under 32, and so we're going to get to use the National Guard for domestic law enforcement purposes, isn't that an easy way around the restrictions on the use of the military? That certainly may be what was in the district judge's head. However, that inquiry is a far cry from the one that USERRA, which is an employment statute, actually requires. The question in this case is not whether there's anything improper or problematic about the service in the state counter drug operation, though certainly there isn't. It's whether Plaintiff Mueller fits within the statutory definition of uniform services such that he receives anti-discrimination protections. And I take it that if we were to agree with your position, there would just have to be further proceedings in this case to find out whether, in fact, there was a problem. That's correct. We believe that the decision should be reversed and the case should be remanded for further proceedings, but we take no position on what those proceedings should look like. If the court has no further questions, to conclude, the court need look no further than the statutory text to determine that USERRA protects Mueller's full-time National Guard duty under Sections 112 and 502 of Title 32. The court should reverse the district court's decision and remand for further proceedings, and I'll leave the rest of my time for Mr. Maher to have on rebuttal. Thank you. Mr. Powers. Thank you, Your Honor. My name is Jim Powers, and I represent the Appellees in this matter. May it please the court, the judgment of the district court in this case should be affirmed because the appellant's local drug interdiction duty with the Illinois National Guard is not the type of federal service that Congress envisioned protecting when it enacted USERRA. This case really boils down to what the meaning and the intent of Section 112 of Title 32 really is. But, you know, if we can just loop back for a moment to 502F, it specifically singles out drug interdiction and counter-drug activities as one of the duties that National Guard personnel may be ordered to perform when they're in full-time National Guard duty status. And 502F, obviously, is part of Title 32. It's not Title 10, and it's not SAD. It just has to be consistent with the state plan, but that's fine. And 112 doesn't change that at all. It just says that the Secretary of Defense has to approve the state plan, but that's a good comedy-based, you know, federal-state coordination measure. It doesn't mean it's not federal authority. Well, the defendants believe it is. If you read Section 112, it actually refers and authorizes National Guard members to be called up pursuant to 502F. Right, under Title 32. Right, and when you look at Section 112, it is an exception. It is a carve-out to Title 32 as a unified whole. It is an inherently different type of National Guard duty than, for example, the weekend drills, the... But that's... I don't see that. There are five distinct factors in Section 112 that differentiate it from all other provisions of Title 32. First... But 112B says that National Guard members may be ordered to perform full-time National Guard duty under 502F for drug interdiction, et cetera. Isn't that, like, plain as day? The key are the other factors in Section 112. The fact that it has to be approved by the governor, it has to be certified as fulfilling a local state enforcement authority. Why does that make it not under federal authority when that's what his orders say, when that's a status that you seem to be excluding? It is federal permission, not federal authority. There is a difference between authority and permission. In this particular matter, the state itself is driving the decisions... The state's not paying him. True. It is paid by the federal government. And the orders didn't come from the state. They did come from the state. The orders do come from the state. It was state-driven. The governor decides when National Guard members should be called up to engage in local law enforcement duties. The Secretary of Defense and the President don't have any role in that. His orders say that they're Title 32, Section 502F orders. And that is permission. There's a distinction between authority and permission as the DOL regulations are drafted. All the federal government is doing in that particular case is passively accepting the plan that is issued under Section 112. Why is it passive? Do you think the Secretary of Defense isn't doing his job? It's passive because but for the governor in the state of Illinois approaching the Secretary of Defense, Mr. Mueller would never have engaged in the National Guard duty. Well, that's fine. I mean, it's a hybrid status. But it's a status that is made possible only by federally authorized orders. That's the statutory term. I don't want to use a term that's not in the statute because that could change the meaning of things. It's federal authorization. For funding, but it's not actually being... It's federal authorization for the work. We would respectfully agree with the district judge who, whether he used the words permission or not, that's really how Section 112 is designed, is a vehicle by which states drive the decision making for law enforcement, local law enforcement, approach the federal government, and ask for their permission for funds to be allocated, unlike other sections of Title 32, which do not involve state... So your argument depends on this being just a weird exception to all of Title 32. Absolutely. And I don't see it in the statutory language. Absolutely. When you compare Section 112 compared to the other sections of Title 32, it becomes quite apparent. Chapter 9, for example, involves homeland security duties. That is driven by the Secretary of Defense and his decision making about whether or not such homeland security defenses are warranted for the national security. 502A, that involves, for example, the weekend drills and the summer training for National Guard members. That, again, is federally government driven. The federal government decides that for training purposes that that should happen. Section 112 is, I agree with you, Your Honor, it is a creature of an entirely different... I didn't say that. I said that's what you're saying. It seems to me Section 112, particularly 112B, allows this full-time National Guard duty and then it's got other criteria in there to ensure that things are operating harmoniously with other kinds of responsibilities. And that authority... The reason why this is not authority is you also have to read this in context with the Department of Labor's regulation. Well, you can't have the regulation take precedence over statutory language. You cannot. We agree with that, but we believe that the regulation properly interprets the broad categories of definitions found in USERRA. But your view of the regulation lumps together Title 32 and Title 10. I don't understand the question. Well, there are certain kinds of things. If you're really called up for federal service, you become part of the Army under Title 10. That's one thing. But you don't seem to see that as a legitimate difference. No. We view the Department of Labor's regulation, how it's constructed and drafted, as more of a contextual functional test for deciding when a National Guard member is or isn't in federal authority or under state authority. It's not a categorical test. If all it took, as the appellants in the amici contend, is that it simply depends on the label that's applied in the military leave order, the Department of Labor presumably would have said that or not have enacted, promulgated a regulation at all. The fact that they actually used phraseology, including, for example, the words authority and control, shows it's more of a functional, contextual approach that the Department of Labor expects courts and parties to actually engage in. Section 112, because of the state-driven nature of the local law enforcement duties that are being performed under this- But why do you think drug interdiction is local law enforcement? You're also making an interesting assumption about that. There's a great deal of international concern in the United States about the international movement of many controlled substances, including many that are really procurable only outside the borders of the United States, cocaine and heroin being good examples of that, although probably not the exclusive examples. I can think of all sorts of federal concerns at the international level where you might say this is beyond the scope of any one state. It's a worthy exercise for the National Guard. And I agree with you. And Congress, when they intend for- So it's not like you're having the National Guard do traffic tickets. I would agree with you if Congress had included those references in Section 112 as they have in other sections. It did, though. What else did they have to say? You want them to write a more wordy statute, but they said in 112B that drug interdiction and counter drug activities is something that you can call the Title 32 troops for. The reason why it's different is because they specifically said that the services must serve a state law enforcement purpose, and they must be authorized and consistent with state law. Using that- So that's fine. So it overlaps. Is that impossible? It's not impossible, but in this particular case, we don't see any other counter language that suggests that it is of a national interest or scope. So Title 32 says full-time National Guard duty, it's a defined term, means training or other duty. And then it gives a bunch of statutory sections, one of which is 502, for which the member is entitled to pay from the United States. That sure sounds like Mr. Mueller. And interestingly, it doesn't mention Section 112. And then- Why is that important? Because Section 112, we believe- So we've already got 502 in there. The appellant's interpretation, we believe, reads Section 112 out of Title 32. It ignores and disregards the special state certification, state law enforcement language that Congress felt the need to actually include in Section 112. To harmonize both sections together- I think you're reading 112B out of the statute. The National Guard members may be ordered to perform full-time National Guard duty under Section 502F for the purpose of carrying out drug interdiction and counter-drug. Your reading of the statute is those words are just not there. No, those words are there, and full-time National Guard duty is actually applicable. We can see that that is a category that Mr. Mueller was called up under, but what we believe is their interpretation would then read out of the statute the other certification- No, but you think they can't do drug interdiction and counter-drug activities. What force are you giving those words? I can't follow your argument at all. The force of the words is that he will be called up as a full-time National Guard. It's for drugs. We have other definitions in the statute about how these drug interdiction programs are supposed to work, who says yes, who designs them, and under whose command. It will allow him then to be paid with federal funds, either directly as he was paid as alleged in the complaint or indirectly. And that's why he's on full-time National Guard duty for purposes of USERRA. The DOL regulation is what's driving this interpretation, though, which as I mentioned is more of a functional contextual approach- I don't think the regulation has to be read that way. I mean, if reading it that way makes it conflict with the statute. We don't believe there is any conflict, Your Honor. I mean, if there was an intent by Congress and the DOL to simply go with labels instead of actually looking at the nature of the type of National Guard duty that's at issue, they would have either not created the regulation or they would have used labels and said, listen, per se- Well, they do. They say it includes active duty under Title 10 and duty under Title 32. As examples of what federal authority is, after a preamble- It includes active duty for training or full-time National Guard duty, which loops us back into the definition of full-time National Guard duty. And you also have to read the preamble to that regulation, which also describes in functional ways the differences between state activity and federal activity. So if you read it in its totality, it seems to shy away from categorical assumptions and presumptions about whether someone's duty- just because they have a certain label in their military leave orders. So the legal regime you would like is really kind of a job-by-job determination about whether somebody's in Title 10 or Title 32 or SAD, and if the function they're performing is relatively more federal, then fine if the function they're performing- so every job. We don't have any rules, actually. Driven by the statute. First and foremost, driven by the statute. No, but each job. Under your reading of the statute, it's a job-by-job and maybe a person-by-person within the job. No. So you've got one guy who's doing mostly some sort of training for military operations. You've got somebody else who's doing more drug interdiction. I don't think it would get to that, because when you look at the statute, the statute will take care of that. For example, I would direct you to Chapter 9. That is an example, we think, the prototypical example, Chapter 9 of Title 32, of what a national guard duty would be. It's homeland defense initiated and designated by the Secretary of Defense. That is an example of what a federally authorized national guard duty would be. That, in answer to your question, when you talk about an individualized contextual functional analysis, yes, based on the statutory authority. Section 112 is diametrically different than some of the other sections found in Title 32, and that's why we believe that it is a special, unique carve-out. With that, my time is almost up, so I will just, if anybody has any other questions. I see none, so we appreciate your remarks. Thank you. Thank you. Anything further? Your Honor, Plaintiff Appellant David Mueller would like to waive the balance of his time as would amicus. All right. Well, in that case, we thank all counsel. We thank the United States for coming to participate. Thank everybody else, of course, and the case will be taken under advisement.